UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>                    Plaintiff,<br><br>          v.<br><br>OFFICE OF THE CALIFORNIA<br>GOVERNOR, *et al.*,<br><br>                    Defendants. | Case No. 1:24-cv-00993-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS ACTION<br>BE DISMISSED FOR BEING<br>DUPLICATIVE OF AN EARLIER-FILED<br>CASE AND FOR FAILURE TO STATE A<br>CLAIM<br><br>(ECF Nos. 1, 8).<br><br>OBJECTIONS, IF ANY, DUE WITHIN<br>THIRTY DAYS |

Plaintiff Dimitri Z. Storm is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action that appears intended to have been filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). The complaint generally alleges that someone (presumably Defendants) stole Plaintiff's personal property—a J-PAY tablet and various confidential documents.

On September 30, 2024, the Court screened the complaint and concluded that Plaintiff's complaint was duplicative of another lawsuit and that Plaintiff failed to state any claim upon which relief may be granted. (ECF No. 8). The Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 11). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or

1

otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed for being duplicative of an earlier-filed case and for failure to state a claim.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

2

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT[1]

On the cover page of his complaint, Plaintiff lists the following "Respondents," which the Court construes as Plaintiff's list of Defendants:[2] (1) Office of the California Governor; (2) California Governor Gavin Newsom; (3) the Attorney General of the State of California; (4) Attorney General Robert Bonta; (5) the Secretary of the California Department of Corrections and Rehabilitation; (6) California Substance Abuse Treatment Facility (CSATF) CDCR/CSATF "John Doe" Officers; and (7) CSATF Warden B. Phillips.[3]

Plaintiff includes the following statement of facts:

On or about March 21, 2023, my U.S. Constitutional Federal rights became violated, including violations of my U.S. Constitution Eighth, Fourteenth, First, Sixth, Fifth, and Eleventh Amendment Constitutional rights for the theft of my personal property—being #1 J-Pay tablet, and #2 confidential/legal mail, and #3 confidential/legal documents and file consisting of files protected under the Privacy Act of 1974 being files sent to me from the Central Intelligence Agency, the Department of Homeland Security, the Defense Intelligence Agency, the Federal Bureau of Investigations, the National Security Agency, an original copy of: Presidential Executive Order No. 13526 sent to me from the National Security Agency.

In causation I have suffered damages from theft of personal property in being subjected to overt intentional conspiracy to commit theft, intentional infliction of emotional and mental duress, the intrusion of Privacy Act confidential privacy violations, inflicting Petitioner to harassment with prejudice, bias, and discrimination by state actors acting under the color of law.

(ECF No. 1, p. 2).

As for relief, Plaintiff states that he is seeking the return of his stolen property and no less than $50,000 in damages.

Finally, Plaintiff attaches various documents to his complaint. Mostly, these documents appear related to Freedom of Information Act requests that Plaintiff has submitted. For

---

[1] For readability, minor alterations, such as altering punctuation, have been made to some of Plaintiff's quotations in the complaint without indicating each change.

[2] It is difficult to decipher the specific Defendants at issue. For example, it is unclear if Plaintiff wants to sue CSATF, as in the prison itself, or if he wants to sue Doe officers who work at CSATF. Further, it is unclear if Plaintiff views the Office of the California Governor and Governor Gavin Newsom as two separate Defendants.

[3] While Plaintiff also appears to name "Real Parties in Interest" and "the People of the State of California," those do not appear to be real persons or entities capable of being sued.

1  example, Plaintiff attaches a June 8, 2021 letter from the Department of Homeland Security

2  responding to Plaintiff's Freedom of Information Act request seeking information about

3  "Prince Charles Winsor," among other persons. (*Id.* at 22).

## III.  ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*,

490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see

also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los

Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir.

2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also

Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983,

'if he does an affirmative act, participates in another's affirmative act, or omits to perform an

act which he is legally required to do that causes the deprivation of which complaint is

made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007)

(quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection

may be established when an official sets in motion a 'series of acts by others which the actor

knows or reasonably should know would cause others to inflict' constitutional

harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of

4

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B.    Duplicative Lawsuit**

As an initial matter, the Court notes that Plaintiff has a pending earlier-filed lawsuit, *Storm v. Newsom, et al.*, 1:24-cv-00236-KES-BAM. After comparing the complaints from it and this case, the Court concludes that Plaintiff has improperly filed a duplicative lawsuit.

In 1:24-cv-00236-KES-BAM, Magistrate Judge Barbara A. McAuliffe screened the complaint on August 22, 2024, summarizing the allegations as follows:

> Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF"). Plaintiff names as defendants: (1) Gavin Newsom, Governor, (2) Robert Bonta, California Attorney General, (3) B. Phillips, Warden of SATF. Plaintiff also attempts to name defendants "CSATF CDCR staff: all." As best the Court can determine, Plaintiff alleges a follows.
>
> Plaintiff alleges the Warden of SATF, officers of California Department of Corrections Rehabilitation ("CDCR"), and staff at SATF have been involved in handling Plaintiff's property and effects. Plaintiff alleges they are now in possession of his J-Pay tablet that was illegally stolen along with legal documents and files sent to Plaintiff from the FBI, CIA, and DIA and other entities. They engaged in a conspiracy to defraud and steal Plaintiff's personal property. SATF "E" Facility CDCR officers still have possession of his stolen J-pay tablet and his legal documents and files that they stole from Plaintiff on March 21, 2023 in Building #5. Plaintiff alleges conspiracy, theft, forgery involving CDCR officers for false statements and false reports and tampering with evidence.

(ECF No. 9, p. 2 – 1:24-cv-00236-KES-BAM) (footnote omitted).

Referred to as the doctrine of claim-splitting, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684,

5

688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[4] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). The following transaction test is used to determine whether the causes of action are the same:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). The last criterion—whether the two suits arise out of the same transaction nucleus of facts—is the most important. *Id.* "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* at 688; *see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid

---

[4] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need not have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *See Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (noting that determination of whether suit is duplicative assumes that the first suit was final).

1  mechanical solution of such problems.").

2      With these standards in mind, in both of his cases, Plaintiff complains about the alleged

3  theft of his J-PAY tablet and legal documents and files from the FBI, CIA, and DIA. Notably,

4  he uses the same March 21, 2023 date in both cases for when the alleged theft occurred and it

5  appears that both cases arise from Plaintiff's confinement at CSATF. Further, in both cases

6  Plaintiff sues Governor Gavin Newsom, Attorney General Robert Bonta, Warden B. Phillips,

7  and appears to intend to sue CSATF and/or the CDCR. Lastly, he includes some of the same

8  exhibits attached to the complaints in both cases, such as the June 8, 2021 letter from the

9  Department of Homeland Security.

10      Accordingly, the cases arise out of the same transactional nucleus of facts. Further, a

11  judgment in the early case would affect rights or interests in this case, both cases will involve

12  substantial the same evidence, and both cases involve infringements of the same right. In short,

13  the allegations, claims, and parties do not significantly differ between these two cases.

14      Thus, this case is subject to dismissal because it is duplicative of Plaintiff's earlier-filed

15  case in 1:24-cv-00236-KES-BAM.

16  **C.      Rule 8(a)**

17      Plaintiff's complaint also fails to state a cognizable claim because it fails to contain a

18  short and plain statement showing Plaintiff is entitled to relief.

19      As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a

20  complaint to contain "a short and plain statement of the claim showing that the pleader is

21  entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include

22  detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state

23  a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. And Plaintiff must

24  demonstrate that each named defendant personally participated in the deprivation of his rights.

25  *Id.* at 676-77.

26      Plaintiff has failed to comply with Rule 8 because the complaint does not contain a

27  short and plain statement of his claims showing that he is entitled to relief. Among other things,

28  Plaintiff does not provide any facts to explain why he believes any Defendant stole his

7

property. For example, he does not describe any Defendant taking his property from him or saying that they have taken property from him. Moreover, he does not explain how he was subject to a conspiracy to commit theft and intentional infliction of emotional and mental duress. Notably, there are no facts describing any agreement between Defendants to conspire against him. Nor does he explain how he was subject to harassment and bias or how his First, Fifth, and Sixth Amendment rights were violated.

Thus, Plaintiff's complaint is likewise subject to dismissal based on his failure to comply with Rule 8(a).

## IV.    CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the forgoing, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED as follows:

1.    This action be dismissed for being duplicative of an earlier-filed case and for failure to state a claim.

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). IT IS SO ORDERED.

Dated:    **November 18, 2024**                     /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE